**FILED**
**CLERK**

11/25/2020 12:38 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
LORRAINE PILITZ, AUTOTECH COLLISION,
INC., and AUTOTECH II INC.

                Plaintiffs,
                                        MEMORANDUM & ORDER
        -against-                       12-CV-5655(JS)(ARL)

THE INCORPORATED VILLAGE OF FREEPORT and
THE INCORPORATED VILLAGE OF MALVERNE

                Defendants.
-----------------------------------X
APPEARANCES
For Plaintiffs:             Russell S. Moriarty, Esq.
                            Levine & Blit, PLLC
                            350 5th Ave, Suite 3601
                            New York, New York 10118

For Defendants              Michael Paul Siravo, Esq.
Village of Freeport:        Deanna D. Panico, Esq.
                            Stephen L. Martir, Esq.
                            Bee Ready Fishbein Hatter & Donovan, LLP
                            170 Old Country Road
                            Mineola, New York 11501

Village of Malvern:         Adam I. Kleinberg, Esq.
                            Leo Dorfman, Esq.
                            Vernée C. Pelage, Esq.
                            Sokoloff Stern LLP
                            179 Westbury Avenue
                            Carle Place, New York 11514
```

SEYBERT, District Judge:

Before the Court is Defendants Village of Freeport's ("Freeport") and Village of Malverne's ("Malverne" and collectively, "Defendants") motions in limine to preclude Lorraine Pilitz ("Pilitz"), Autotech Collision, Inc. ("Autotech"), and Autotech II Inc. ("Autotech II" and collectively, "Plaintiffs")

from introducing evidence of compensatory damages at trial. (Malverne Mot., D.E. 156; Malverne Br., D.E. 158; Pelage Decl., D.E. 157; Freeport Mot., D.E. 159; Freeport Br., D.E. 161; Panico Decl., D.E. 160; Pls. Opp., D.E. 166; Malverne Reply, D.E. 168; Freeport Reply, D.E. 169.)  Specifically, Defendants argue that Plaintiffs failed to produce a computation of their damages under Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)(iii) and failed to comply with Rules 33 and 34, thus requiring preclusion under Rule 37(c).  For the following reasons, Defendants' motions are GRANTED.

### BACKGROUND[1]

I. FACTS

Pilitz is the sole shareholder of two towing companies, Autotech and Autotech II.  Defendants maintain and operate "rotational tow lists" to "spread the towing work needed . . . fairly among the various businesses that get placed on the list." (Compl., D.E. 1, ¶ 11.)  When an accident occurs within one of the two villages and a tow truck is needed, the police department calls a tow company from the rotational tow list.  Pilitz's companies are the only female-owned tow companies on Defendants' respective lists.

Pilitz alleges that Defendants violated her federal

---

[1] The facts are drawn from the Complaint and the parties' submissions.

rights by engaging in a pattern and practice of denying her towing work because she is a woman. Specifically, Plaintiffs claim that Defendants diverted lucrative business -- including the towing and repairs flowing from the tow -- to male-owned companies on the rotational tow lists. Plaintiffs assert that Defendants skipped her on the list, did not allow her companies as much time to respond to tows as they did male-owned companies, and steered drivers to male-owned companies. (Compl. ¶ 22.) Pilitz also alleges that she was harassed at tow scenes. (Id.)

II. PROCEDURAL BACKGROUND

Plaintiffs initiated this action on November 11, 2012 asserting various claims under state and federal law, including a 42 U.S.C. 1983 claim for gender discrimination, class-of-one equal protection claim, and First Amendment retaliation claim.[2] (See Compl.) Plaintiffs submitted initial disclosures to Defendants on March 12, 2013. Plaintiffs' computation of damages pursuant to Rule 26(a)(iii) read as follows:

> "Not yet performed, plaintiffs will likely rely on expert testimony to establish a computation of damages in a manner similar to

---

[2] In 2007, Pilitz filed a separate suit against Freeport, Malvern, and the Incorporated Village of Rockville Center in this District premised on similar allegations. (See Pilitz v. The Incorporated Village of Rockville Centre, No. 07-CV-4078 (E.D.N.Y.).) The claims were resolved through settlement. Here, Plaintiffs claim that Defendants are retaliating against them for bringing the prior lawsuit.

>            the one performed in the prior action between
>            the parties.  No experts have been retained."[3]

(Pls. Initial Disclosures, Ex. E to Panico Decl., D.E. 160-5.)

On March 13 and 20, 2013, Malverne and Freeport, respectively, served document demands and interrogatories requesting documents and information regarding Plaintiffs' claim for compensatory damages.  (Malverne Br. at 5-6; Freeport Br. at 2-3.)  Several months later, after Defendants filed the first of their seven motions to compel, Plaintiffs stated that they did not have documents relating to their damages claim but that they would be retaining an expert witness.  (Ex. M to Pelage Decl., D.E. 157-13.)  In a consolidated request for documents dated February 6, 2014, Defendants requested Plaintiffs' federal and state income tax returns and the companies' business records during the relevant period.  (Malverne Br. at 8-9; Freeport Br. at 5.)  Plaintiffs failed to timely comply with the request, prompting Plaintiffs' former counsel to withdraw from the case.  (Withdrawal Mot., Exhibit Q to Panico Decl., D.E. 160-17.)  Eventually, Plaintiffs stated that they could not comply with the discovery deadlines because the Government had seized some of Plaintiffs' records in connection with an ongoing civil investigation against Plaintiffs.  (Freeport Br. at 5.)

---

[3] Plaintiffs' revised initial disclosure did not substantively revise this disclosure or provide a computation.

After several more motions to compel, on May 27, 2015, Plaintiffs produced Pilitz's tax returns for the 2011 through 2013 tax years. On August 10, 2017, Plaintiffs produced tax returns for Autotech for the 2010 through 2013 tax years. Plaintiffs have not produced any tax returns for Autotech II. Moreover, Pilitz is under indictment related to these tax returns for allegedly under-reporting her business income and obstructing the administration of U.S. internal revenue laws. See United States v. Pilitz, No. 17-CR-0053 (E.D.N.Y.).

Through discovery, Plaintiffs produced the following documents related to their claim for compensatory damages: (1) standard form bills showing the specific towing rates that Plaintiffs charged for a tow, (2) insurance estimates for repairs, or, as Plaintiffs refer to them, "customer bills," (3) Plaintiffs' applications for village tow licenses and the costs for such licenses, (4) photos of damaged vehicles which Plaintiffs were purportedly entitled to tow; and (5) the personal and business tax returns described above. (Pl. Opp. at 5-6.)

On March 20, 2019, Judge Bianco granted Defendants' motions for summary judgment as to Plaintiffs' state law claims.[4] (Mar. 20, 2019 Order, D.E. 134.) Plaintiffs' Section 1983 claims for sex discrimination, class-of-one equal protection, and First

---

[4] This matter was reassigned to the undersigned on May 31, 2019.

Amendment retaliation survived.[5] (Id.) On January 27, 2020, Defendants filed the pending motions in limine. The Court heard oral argument on November 20, 2020. (Min. Entry, D.E. 174.)

## DISCUSSION

I. Legal Standard

Rule 26(a)(1)(a)(iii) requires a plaintiff to disclose, without request, "a computation of each category of damages claims," and "to make available for inspection . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Further, under Rule 26(e)(1)(A), the disclosing party must timely supplement or correct its initial disclosures if it subsequently learns that the information provided was either "incomplete or incorrect." "Rule 26(a) requires more than providing -- without explanation -- undifferentiated financial statements; it requires a 'computation' supported by documents." Design Strategy, Inc. v. Davis, 469 F.3d 284, 295 (2d Cir. 2006) (affirming district court's decision to preclude evidence of lost profits where plaintiff provided only financial statements in support). Moreover, a party cannot satisfy Rule 26(a) by "merely setting forth the figure demanded" unaccompanied by any analysis; rather, "the disclosures

---

[5] Plaintiffs agreed to dismiss their request for emotional damages. (Aug. 13, 2015 Stipulation, D.E. 63.)

must be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it." Max Impact, LLC v. Sherwood Grp., Inc., No. 09-CV-0902, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014).

A party that fails to obey a court order concerning discovery or to comply with its disclosure obligations may be subject to sanctions under Rule 37. "A district court has wide discretion to impose sanctions, including severe sanctions, under [Rule] 37," such as preclusion of certain evidence. Design Strategy, 469 F.3d at 294. The party against whom sanctions are sought bears the burden of establishing that its noncompliance was either substantially justified or harmless. Max Impact, 2014 WL 902649, at *4. The Second Circuit has identified four factors a court must consider when determining whether preclusion is an appropriate sanction:

> (1) the party's explanation for the failure to comply with the disclosure obligation; (2) the importance of the testimony of the precluded [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

II. Analysis

Defendants argue that Plaintiffs should be precluded from introducing evidence of compensatory damages under Rule 37(c) because Plaintiffs failed to produce a computation of their damages

under Federal Rule 26(a) and failed to comply with their requests for interrogatories and the production of documents under Rules 33 and 34.[6]  Defendants argue that Plaintiffs did not produce a computation of pecuniary loss with their Rule 26(a) initial disclosures and failed to specify the types of damages sought. (Freeport Br. at 11-13; Malverne Br. at 2-3.)  They further contend that Plaintiffs "lulled" Defendants into believing that Plaintiffs would address the issue through expert testimony.  (Malverne Br. at 12.)  But Plaintiffs never retained an expert, despite having retained an expert accountant to testify regarding damages in the prior 2007 lawsuit.  Defendant Malverne also makes the point that Plaintiffs have not produce _any_ tax returns for Autotech Collision II, the only company listed on Malverne's registered tow list. (Malverne Br. at 14.)

In a seven-page response, Plaintiffs argue, among other things, that they have produced sufficient documents related to damages, listing (1) the standard form bills showing the specific towing rates that Plaintiffs charged for a tow, (2) the insurance estimates for repairs, or, as Plaintiffs refer to them, "customer bills," (3) Plaintiffs' applications for village tow licenses and the costs for such licenses, (4) photos of damaged vehicles which Plaintiffs were purportedly entitled to tow; and (5) the personal

---

[6] As an alternative to preclusion, Defendant Freeport requests attorneys' fees and costs. (Freeport Br. at 18-19.)

and business tax returns described above. (Pls. Opp. at 5-7.)

Although Plaintiffs argue that "lost opportunities for towing revenue and repair revenue, and resulting profit, need only be approximated to stand" (Pls. Opp. at 4.), the Court finds Design Strategies, cited by Defendants, particularly apposite here. First, contrary to Plaintiffs' assertions, the Design Strategies court rejected these arguments as irrelevant to a party's obligations under Rule 26(a). Design Strategies, Inc. v. Davis, 367 F. Supp. 2d 630, 635-36 (S.D.N.Y. 2005). Indeed, there, the district court precluded evidence of lost profits because Plaintiffs failed to "provide[] any specific computation of its alleged lost profits, nor any documents or other evidence on the basis of which such a computation could be made." Id. at 633. Affirming the district court's decision, the Second Circuit explained that Rule 26(a) "requires more than providing -- without any explanation -- undifferentiated financial statements; it requires a 'computation' supported by documents." Design Strategy, 469 F.3d at 295. Similarly, Plaintiffs here failed to provide the computation required by Rule 26(a). Plaintiffs' Initial Disclosures, which remained substantially unchanged throughout discovery, explicitly disclaimed any computation of damages, stating it was "[n]ot yet performed" and promising that expert testimony would establish the necessary computation. (See Pls. Initial Disclosures.)

Defendants had every reason to take Plaintiffs at their word that they would retain an expert. Indeed, as noted in their Initial Disclosures, Plaintiffs had retained an accounting expert in their prior 2007 action against Defendants to testify as to damages. But notwithstanding these assurances, Plaintiffs never retained an expert. Instead, the Court agrees with Defendants that Plaintiffs lulled Defendants into a false sense of security that they would have the opportunity to depose an expert who never materialized.

In opposition, Plaintiffs argue they satisfied Rule 26(a) by pointing to the documents produced that are potentially relevant to their damages, described supra. (Pls. Opp. at 5-7.) However, documents alone do not constitute a "computation" as required under Rule 26(a). Spotnana, Inc. v. Am. Talent Agency, Inc., No. 09-CV-3698, 2010 WL 3341837, at *1 (S.D.N.Y. Aug. 17, 2010); see also Agence France Presse v. Morel, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) ("Put simply, damages computations and the documents supporting those computations are two different things."); Design Strategy, 469 F.3d at 295. In any event, even considering the documents Plaintiffs produced, they still provide an insufficient basis to compute damages. First, Plaintiffs' tax returns are incomplete, unreliable, and non-specific. There are no tax returns, no less any business records, for Autotech II, the only of Pilitz's companies registered on Malverne's tow list.

Plaintiffs have offered no explanation as to how they intend to prove damages against Malverne without such information. Moreover, the tax returns do not provide information regarding Plaintiffs' losses that is specific to each village-Defendant. For example, the tax returns do not breakdown Plaintiffs' revenue by village, or each Defendant. It is perhaps for this reason that Defendants consistently requested Plaintiffs produce business records specific to Autotech and Autotech II.

The other documents referenced by Plaintiffs are too slender a reed to satisfy their Rule 26(a) obligations. Plaintiffs refer to these documents as "form bills" and "customer bills" (see Exs. A and B to Pls. Opp., D.E. 166-2 and 166-3), but such characterizations are dubious, at best. The "form bills" are authorization forms and are not filled out or signed, and do not purport to be similar to any of the tows allegedly steered from Plaintiffs. Further, there is no proof that customers actually paid the rates contained therein. The "customer bills" are actually insurance estimates for repairs for Autotech and not for Autotech II. Last, the form bills and customer bills offer conflicting repair rates thus underscoring their unreliability.

As the Second Circuit noted in Design Strategy, a party's failure to comply with Rule 26(a) is "especially troubling" when the requesting party specifically requests a calculation of damages, as Defendants repeatedly did here. Design Strategy, 469

F.3d at 295. Plaintiffs make no attempt to justify their failure, and this Court is unable to discern a reason from the record. Moreover, Plaintiffs do not explain why their non-compliance is harmless to Defendants beyond stating that they provided sufficient documentation, an argument rejected supra. Accordingly, Plaintiffs have not carried their burden of demonstrating why their non-compliance with Rules 26(a), 33 and 34 is either justified or harmless, and the Court must consider the appropriate sanction.

Based on review of the Patterson factors, this Court finds that preclusion of Plaintiffs' evidence of compensatory damages is warranted. The Court notes that the second factor, the importance of the testimony of the precluded evidence, weighs against preclusion, because without such evidence Plaintiffs will be able to prove only nominal damages. However, the other three factors cut decisively in Defendants' favor. First, Plaintiffs do not offer a reason why they have not complied with the Rules and this Court's orders. Moreover, the prejudice to Defendants would be severe in that the Court would have to re-open discovery, Plaintiffs would likely have to retain an expert, and Defendants would have to depose Plaintiffs' expert and potentially retain their own expert on rebuttal. Last, weighing heavily on both the prejudice and possibility of continuance is the fact that discovery has been closed since March 2018. Over the past several years,

Defendants have requested a computation of damages, and documents related thereto, in seven separate motions to compel and in countless requests for the production of documents and interrogatories. Plaintiffs cannot correct their failures, of which they have had ample notice, on the eve of trial. Accordingly, this Court finds that preclusion is the appropriate sanction under the Patterson factors.[7]

## CONCLUSION

Accordingly, for the reasons stated herein, Defendants' motions (D.E. 156 and D.E. 159) are GRANTED and Plaintiff is precluded from introducing evidence of compensatory damages at trial.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 25, 2020
       Central Islip, New York

---

[7] Because the Court finds that prelusion is the appropriate remedy, it does not pass on Defendant Freeport's alternative request for attorney's fees.